United States District Court
Southern District of Texas
**ENTERED**
January 23, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| V. | § | CR. No. 2:10-0020-2 |
| | § | (C.A. No. 2:16-393) |
| JESUS LISCANO, | § | |

## ORDER

Jesus Liscano filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. He makes two claims in his motion and memorandum, 1) counsel was ineffective and 2) Amendment 794 should be applied to reduce his sentence. D.E. 341. The relief Liscano seeks pursuant to Amendment 794 is available, if at all, pursuant to 18 U.S.C. § 3582(c)(2). His claim that counsel provided ineffective assistance is properly brought pursuant to § 2255.

Liscano pleaded guilty to conspiracy to possess with intent to distribute more than 5 kilograms of cocaine. D.E. 167. He was a first time offender and qualified for safety valve. D.E. 155. As a result, he was sentenced to a low-end guideline sentence of 135 months imprisonment. *Id*. Minor role was not raised at sentencing. *See* D.E. 209.

Liscano did not appeal, but filed a motion to vacate, set-aside or correct sentence in 2011. D.E. 199. He raised multiple issues, including a claim of ineffective assistance of counsel for counsel's failure to obtain safety valve and mitigating role for him. The Court denied the motion by Memorandum Opinion and Order o February 7, 2012. D.E. 227.

1

## AMENDMENT 794

Amendment 794 changed the text of the commentary regarding the application of minor and mitigating role to include a list of factors for district courts to consider and amended the commentary. The stated purpose of the amendment was to resolve a circuit split on the interpretation. Liscano cites *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016) in support of his argument that Amendment 794 should be applied to him retroactively. *Quintero-Leyva* was decided on direct appeal, not on collateral review.

A federal court generally "may not modify a term of imprisonment once it has been imposed." *Dillon v. United States*, 560 U.S. 817, 819 (2010). However, Congress allowed an exception to that rule "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see also Freeman v. United States*, 564 U.S. 522, 526-27 (2011) (reciting standard for sentence modifications). Such defendants are entitled to move for retroactive modification of their sentences. *Freeman*, 564 U.S. at 527.

A sentence reduction is only permitted if such a reduction is consistent with the policy statements issued by the Sentencing Commission, which is found in § 1B1.10 of the Sentencing Guidelines. *See* 18 U.S.C. § 3582(c)(2); *Dillon*, 560 U.S. at 826; *United States. v. Boe*, 117 F.3d 830, 831 (5th Cir. 1997). The applicable policy statement is found in § 1B1.10 of the Sentencing Guidelines. *Id*.

"[E]ligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered *only* by an amendment listed in subsection (c) of U.S.S.G. § 1B1.10 that lowers the guideline

range."[1] *United States v. Drath*, 89 F.3d 216, 218 (5th Cir. 1996) (emphasis in original); *see, e.g., United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997). Subsection 1B1.10(d) lists the amendments to the Guidelines that are eligible for retroactive effect. Subsection 1B1.10(d) does not list Amendment 794 as retroactive, therefore this Court is not authorized to apply it retroactively.[2] *United States v. Arroyo-Jurado*, 477 Fed. App'x. 150, 151 (5th Cir. Apr. 19, 2012) (per curiam) (unpublished).

Because Amendment 794 does not apply retroactively, this Court is not authorized to consider minor role for Liscano.

## ANALYSIS § 2255 MOTION

### A. Second or Successive § 2255 Motions

In pertinent part, 28 U.S.C. § 2255(h) provides:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases

---

[1] In 2016, § 3582(c) was amended and (d) now lists the retroactive amendments. *See* Amendment 780.

[2] The Fifth Circuit has not determined whether Amendment 794 is clarifying or substantive, although the Ninth and Eleventh Circuits have held that it is clarifying and thus applicable retroactively to those cases on direct appeal. *United States v. Gomez-Valle*, 828 F.3d 324, 330 (5th Cir. 2016); *see also United States v. Castro*, No. 15-11059 at *3 (5th Cir. Dec. 12, 2016). However, even a clarifying amendment does not apply retroactively to cases on collateral review. *See Drath*, 89 F.3d at 217.

>on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

The Fifth Circuit has explained that a subsequent § 2255 motion is "second or successive" when it:

>(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or

>(2) otherwise constitutes an abuse of the writ.

*United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000) (internal citations and quotations omitted). The *Orozco-Ramirez* court noted that if the facts underlying a claim occurred before the initial § 2255 motion, and thus could have been raised in the initial motion, a movant is not entitled to assert that claim in a subsequent motion. *Id.* at 869. Here, Liscano raises a claim that this Court previously decided against him.

When a claim is second or successive, the movant is required to seek, and acquire, the approval of the Fifth Circuit before filing a second § 2255 motion before this Court. *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Liscano's motion does not indicate that he has sought or obtained such permission.

The claim raised in Liscano's motion is a second or successive claim and is DISMISSED. *See Orozco-Ramirez*, 211 F.3d at 869 (district court properly dismissed second or successive claim).

### B. Certificate Of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Liscano has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 RULES.

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

The Court concludes that Liscano is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## Conclusion

Liscano's motion for retroactive application of Amendment 794 (D.E. 341-1) is DENIED. Liscano's motion to vacate sentence (D.E. 341) is DISMISSED and he is DENIED a Certificate of Appealability.

It is ORDERED this 19th day of January, 2017.

*Hayden Head*
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE